Christopher R. Barclay, Chapter 7 Trustee
5055 N. Harbor Drive, Suite 210
San Diego, CA 92106
U.S. Mail: P.O. Box 2819, La Mesa, CA 91943-2819
Tel.: (619) 255-1529
Email: admin@crb7trustee.com

# UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
### SAN DIEGO DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| ROMI JESSICA KIMELL | § § § | Case No. 15-04479-CL7 |
| Debtor | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 07/02/2015. The undersigned trustee was appointed on 07/02/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---:|---:|
| 4. The trustee realized gross receipts of | $ | 8,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 5,076.53 |
| Bank service fees | | 56.27 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 2,867.20 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in file estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

  5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

  6. The deadline for filing non-governmental claims in this case was 11/30/2015 and the deadline for filing governmental claims was 01/29/2016 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

  7. The Trustee's proposed distribution is attached as **Exhibit D**.

  8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 1,550.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

  The trustee has received $ 1,550.00 as interim compensation and now requests a sum of $ 0.00 , for a total compensation of $ 1,550.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 39.03 , and now requests reimbursement for expenses of $ 0.00 , for total expenses of $ 39.03 [2].

  Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/23/2017    By: /s/Christopher R. Barclay
              Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-04479 | CL | Judge: | Christopher B. Latham | Trustee Name: | Christopher R. Barclay |
|---|---|---|---|---|---|---|
| Case Name: | ROMI JESSICA KIMELL | | | | Date Filed (f) or Converted (c): | 07/02/2015 (f) |
| | | | | | 341(a) Meeting Date: | 08/05/2015 |
| For Period Ending: | 08/23/2017 | | | | Claims Bar Date: | 11/30/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. 36 Central Street, Apt. 5, Andover, MA-Equitable Ownership | 300,000.00 | 0.00 | | 4,000.00 | FA |
| 2. Cash | 100.00 | 0.00 | OA | 0.00 | FA |
| Property claimed 100% exempt by debtor. Property abandoned per notice of proposed abandonment filed on March 8, 2016 [Docket 44]. | | | | | |
| 3. Bank Accounts At Bank Of America | 1,859.00 | 0.00 | OA | 0.00 | FA |
| Property claimed 100% exempt by debtor. Property abandoned per notice of proposed abandonment filed on March 8, 2016 [Docket 44]. | | | | | |
| 4. Used Household Goods And Furnishings. | 800.00 | 0.00 | OA | 0.00 | FA |
| Property claimed 100% exempt by debtor. Property abandoned per notice of proposed abandonment filed on March 8, 2016 [Docket 44]. | | | | | |
| 5. Used Clothing | 150.00 | 0.00 | OA | 0.00 | FA |
| Property claimed 100% exempt by debtor. Property abandoned per notice of proposed abandonment filed on March 8, 2016 [Docket 44]. | | | | | |
| 6. Jewelry | 800.00 | 0.00 | OA | 0.00 | FA |
| Property claimed 100% exempt by debtor. Property abandoned per notice of proposed abandonment filed on March 8, 2016 [Docket 44]. | | | | | |
| 7. Claims Against James Welling, Including Stalking, Violation | 90,000.00 | 0.00 | | 4,000.00 | FA |
| 8. Leased 2015 Prius. | 15,000.00 | 0.00 | OA | 0.00 | FA |
| Property claimed 100% exempt by debtor. Property abandoned per notice of proposed abandonment filed on March 8, 2016 [Docket 44]. | | | | | |
| 9. Dog, Cat | 50.00 | 0.00 | OA | 0.00 | FA |
| Property abandoned per notice of proposed abandonment filed on March 8, 2016 [Docket 44]. | | | | | |

# FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Exhibit A

| Case No: | 15-04479 | CL | Judge: | Christopher B. Latham | Trustee Name: | Christopher R. Barclay |
|---|---|---|---|---|---|---|
| Case Name: | ROMI JESSICA KIMELL | | | | Date Filed (f) or Converted (c): | 07/02/2015 (f) |
| | | | | | 341(a) Meeting Date: | 08/05/2015 |
| For Period Ending: | 08/23/2017 | | | | Claims Bar Date: | 11/30/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 10. Refund from Citibank (u) | Unknown | 0.00 | | 0.00 | FA |
| In April 2017, trustee was informed that debtor received a check in the amount of $303.00 from Citibank. Trustee requested that debtor amended her schedules to disclose the refund check and amend Schedule C if she asserts a claim of exemption in the refund. Counsel responded by indicating that the debtor is in custody in Massachusetts and as a result, counsel was going to have difficulty in obtaining the debtor's signature for the amendment. To date, the debtor has not filed the amendment and has not turned over the check to the trustee. But given the amount of the refund check, trustee does not intend to administer the property and shall mark the refund as fully administered. | | | | | |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $408,759.00 | $0.00 | | $8,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

UPDATE TO CASE NOTES THROUGH AUGUST 31, 2017:

On May 2, 2017, the trustee issued payment of the allowed professional claims in the case.

In April 2017, trustee was informed that debtor received a check in the amount of $303.00 from Citibank. Trustee requested that debtor amended her schedules to disclose the refund check and amend Schedule C if she asserts a claim of exemption in the refund. Counsel responded by indicating that the debtor is in custody in Massachusetts and as a result, counsel was going to have difficulty in obtaining the debtor's signature for the amendment. To date, the debtor has not filed the amendment and has not turned over the check to the trustee. Trustee has listed the Citiibank refund as an unscheduled asset. But given the amount of the refund check, trustee does not intend to administer the property and shall mark the refund as fully administered.

This case is now postured for filing of the trustee's final report which the trustee expects will occur by August 31, 2017.

SECOND REPORTING PERIOD THROUGH MARCH 31, 2017:

Mr. Welling filed claim in the case in the amount of $659,199.40. IRS is the only other creditor in the case with a filed claim for $3,000.00. Given the small creditor body, trustee believed there was no benefit to the estate to pursue the estate's claims against Mr. Welling. Accordingly, on or about July 25, 2016, trustee filed and caused to be served on parties in interest, including debtor and creditors, (i) Trustee's Notice of Proposed Abandonment of Property with respect to claims against Welling, including stalking, violation of privacy laws, conversion of real property, theft of rents, and other actions alleged by Debtor (the "Damage Claims"), and (ii) Trustee's Notice of Proposed Abandonment of Property with respect to equitable ownership of a condominium located at 36 Central Street, Apartment 5, Andover, Massachusetts (the "Real Property Claims"). Thereafter, Mr. Welling contacted trustee's counsel regarding a possible resolution on the estate's claims against Mr. Welling. The negotiations were successful and the parties reached an agreement to settle and release Mr. Welling from all liability related to the Damage Claims, the Real Property Claims, and any other claims that Debtor or the Estate may have or assert against Welling. In light of the Agreement, on August 15, 2016, trustee filed a withdrawal of the Notices of Proposed Abandonment of Property.

Pursuant to the agreement, Mr. Welling agreed to pay the estate $8,000.00 to settle and release Mr. Welling from all liability related to the Damage Claims, the Real Property Claims, and any other claims that Debtor or the Estate may have or assert against Welling. The notice of intended action regarding the approval of the agreement was filed on September 29, 2016. No party opposed the notice and on October 28, 2016, the court entered an approving the notice. The trustee received the proceeds from the sale on November 7, 2016.

During this period, the trustee and his counsel sought approval of their professional fees and costs. GOGG's final fees and costs were approved by order entered on March 28, 2017.

In light of the trustee's completion of his case closing activities, the trustee changed his estimated TFR date of March 31, 2017 to May 31, 2017.

This case is now postured for filing of the trustee's final report which the trustee expects will occur by June 30, 2017.


FIRST REPORTING PERIOD THROUGH MARCH 31, 2016:

Case Summary and Chronology to Date:

A voluntary chapter 7 case was filed on July 2, 2015. 341(a) meetings in the chapter 7 case were conducted on August 5 and August 17, 2015. The trustee is investigating the estate's interest in potential avoidance claims related to the debtor's transfer of real property located at 36 Central Street, Apt. 5, Andover, Massachusetts to James Welling (debtor's stepfather).

The trustee has engaged the attorneys at Gates, O'Doherty, Gonter and Guy, LLP ("GOGG") to represent the estate. An ex parte application to employ GOGG as general bankruptcy counsel, effective as of August 19, 2015, was filed on September 1, 2015. The order authorizing the trustee's employment of GOGG was entered on September 14, 2015.

On August 31, 2015, the trustee filed a request for a claims bar date. The last day for creditors to file claims was November 30, 2015.

The debtor asserts her claims against Mr. Welling have a value of $90,000.00. Mr. Welling filed a proof of claim in the case in the amount of $659,199.40. The IRS is the only other creditor in the case with a claim in the amount of $3,000.00.

In January 2016, the debtor was criminally indicted for stealing money from Mr. Welling. The criminal trial in Massachusetts is moving forward and Mr. Welling's complaint objecting to the debtor's discharge is stayed pending the outcome of the criminal trial.

With the assistance of his counsel, the trustee is currently in discussions with Mr. Welling's counsel regarding a possible settlement of the estate's potential avoidance claims. Given the small creditor body, the trustee is also contemplating a sale of the estate's claims against Mr. Welling to the debtor. However, given her circumstances, the trustee does not believe she would be in a position to do so.


1. Assets That Will be Abandoned

The trustee has determined that asset numbers 2 through 6, 8 & 9 are of inconsequential value to the estate and were abandoned per trustee's notice of proposed abandonment filed on March 8, 2016.

2. Status of Liquidation Efforts

The trustee's investigation concerning the debtor's interest in property is still ongoing.

3. Status of Adversary Actions and Appeals

No adversaries or appeals have been filed by the trustee in this case.

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

4. Status of Claims Review/Objections

The claims bar date expired on November 30, 2015. The claims register reflects $662,327.90 in creditor claims have been filed.  No claims objections have been filed.

Exhibit A

5. Status of Tax Returns

No tax returns have been due or filed during this period.

6. Other Actions Necessary to Complete Administration of the Case

Case to remain open as an asset case pending completion of trustee's investigation and liquidation activities and filing of required final reports.

Initial Projected Date of Final Report (TFR): 03/31/2017     Current Projected Date of Final Report (TFR): 05/31/2017

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 15-04479  
Case Name: ROMI JESSICA KIMELL  
Taxpayer ID No: XX-XXX4286  
For Period Ending: 08/23/2017  

Trustee Name: Christopher R. Barclay  
Bank Name: Associated Bank  
Account Number/CD#: XXXXXX2320  
Checking  
Blanket Bond (per case limit): $52,000,000.00  
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/07/16 | | James Welling c/o Mintz Levin et al 3580 Carmel Mountain Road, Suite 300 San Diego, CA 92130 | Settlement Payment Order approving settlement was entered on October 28, 2016 [Docket 63]. | | $8,000.00 | | $8,000.00 |
| | | | Gross Receipts $8,000.00 | | | | |
| | 1 | | 36 Central Street, Apt. 5, Andover, MA-Equitable Ownership $4,000.00 | 1110-000 | | | |
| | 7 | | Claims Against James Welling, Including Stalking, Violation $4,000.00 | 1141-000 | | | |
| 12/07/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $7,990.00 |
| 01/09/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $11.88 | $7,978.12 |
| 02/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $11.86 | $7,966.26 |
| 03/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.70 | $7,955.56 |
| 04/07/17 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $11.83 | $7,943.73 |
| 05/02/17 | 1001 | GATES O'DOHERTY GONTER & GUY, LLP 15373 INNOVATION DRIVE, SUITE 170 SAN DIEGO, CA 92128 | Allowed Attorneys' Fees Per Order Entered March 28, 2017 | 3210-000 | | $3,487.50 | $4,456.23 |
| 05/02/17 | 1002 | C. R. BARCLAY P.O. BOX 2819 LA MESA, CA 91943-2819 | Allowed Trustee Compensation Per Order Entered April 28, 2017 | 2100-000 | | $1,550.00 | $2,906.23 |
| 05/02/17 | 1003 | C. R. BARCLAY P.O. BOX 2819 LA MESA, CA 91943-2819 | Allowed Trustee Costs Per Order Entered April 28, 2017 | 2200-000 | | $39.03 | $2,867.20 |

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*        Page Subtotals:        $8,000.00    $5,132.80

| | | |
|---|---:|---:|
| COLUMN TOTALS | $8,000.00 | $5,132.80 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $8,000.00 | $5,132.80 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $8,000.00 | $5,132.80 |

Exhibit B

UST Form 101-7-TFR (5/1/2011) *(Page: 8)*      Page Subtotals:      $0.00      $0.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX2320 - Checking | $8,000.00 | $5,132.80 | $2,867.20 |
| | $8,000.00 | $5,132.80 | $2,867.20 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $8,000.00 |
| Total Gross Receipts: | $8,000.00 |

# Southern District of California
# Claims Register

## 15-04479-CL7 Romi Jessica Kimell

**Judge:** Christopher B. Latham  **Chapter:** 7
**Office:** San Diego  **Last Date to file claims:** 11/30/2015
**Trustee:** Christopher Barclay  **Last Date to file (Govt):** 1/29/2016 *[handwritten]*

---

**Creditor:** (13991811)
Internal Revenue Service
Centralized Insolvency Op.
P.O. Box 7346
Philadelphia, PA 19101-7346

**Claim No: 1**
Original Filed Date: 10/09/2015
Original Entered Date: 10/09/2015
Last Amendment Filed: 11/06/2015
Last Amendment Entered: 11/06/2015

**Status:**
Filed by: CR
Entered by: Ronald Vasquez
Modified:

Amount claimed: $3128.50   *Scheduled @ $3,310.00* [handwritten]
Secured claimed: $0.00  /ok
**1A** Priority claimed: $3079.68   **1B** Unsecured (penalty portion) claimed: $48.82 ✓ ok [handwritten]

**History:**
- Details  1-1  10/09/2015  Claim #1 filed by Internal Revenue Service, Amount claimed: $3175.74 (Vasquez, Ronald)
- Details  1-2  11/06/2015  Amended Claim #1 filed by Internal Revenue Service, Amount claimed: $3128.50 (Vasquez, Ronald)

Description:
Remarks:

---

**Creditor:** (13991814)
James Welling
5 Chatham Circle
North Andover, MA 01845

**Claim No: 2**
Original Filed Date: 11/20/2015
Original Entered Date: 11/20/2015

**Status:**
Filed by: CR
Entered by: Jeffry A. Davis
Modified:

*✓ ok Unsecured, Scheduled @ $67,550.00* [handwritten]
Amount claimed: $659199.40

**History:**
- Details  2-1  11/20/2015  Claim #2 filed by James Welling, Amount claimed: $659199.40 (Davis, Jeffry)

Description:
Remarks:

---

## Claims Register Summary

**Case Name:** Romi Jessica Kimell
**Case Number:** 15-04479-CL7
**Chapter:** 7
**Date Filed:** 07/02/2015

Total Number Of Claims: 2

| Total Amount Claimed* | $662327.90 |
|---|---|
| Total Amount Allowed* | |

*Includes general unsecured claims

The values are reflective of the data entered. Always refer to claim documents for actual amounts.

| | Claimed | Allowed |
|---|---|---|
| Secured | $0.00 | |
| Priority | $3079.68 | |
| Administrative | | |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 08/23/2017 09:36:31 | | | |
| PACER Login: | crbarclay7 | Client Code: | |
| Description: | Claims Register | Search Criteria: | 15-04479-CL7 Filed or Entered From: 1/1/1979 Filed or Entered To: 8/23/2017 |
| Billable Pages: | 1 | Cost: | 0.10 |
| Exempt flag: | Exempt | Exempt reason: | Exempt Court Order |

TRUSTEE'S PROPOSED DISTRIBUTION

      Exhibit D

Case No.: 15-04479-CL7
Case Name: ROMI JESSICA KIMELL
Trustee Name: Christopher R. Barclay

    Balance on hand     $    2,867.20

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Christopher R. Barclay, Chapter 7 Trustee | $ 1,550.00 | $ 1,550.00 | $ 0.00 |
| Trustee Expenses: Christopher R. Barclay, Chapter 7 Trustee | $ 39.03 | $ 39.03 | $ 0.00 |
| Attorney for Trustee Fees: GATES, O'DOHERTY, GONTER & GUY, LLP | $ 3,487.50 | $ 3,487.50 | $ 0.00 |

    Total to be paid for chapter 7 administrative expenses     $    0.00

    Remaining Balance     $    2,867.20

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 3,079.68 must be paid in advance of any dividend to general (unsecured) creditors.

    Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1A | INTERNAL REVENUE SERVICE | $ 3,079.68 | $ 0.00 | $ 2,867.20 |
| | Total to be paid to priority creditors | | | $ 2,867.20 |
| | Remaining Balance | | | $ 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 659,199.40 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | James Welling | $ 659,199.40 | $ 0.00 | $ 0.00 |
| | Total to be paid to timely general unsecured creditors | | | $ 0.00 |
| | Remaining Balance | | | $ 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 48.82 have been allowed and will be paid _pro rata_ only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1B | INTERNAL REVENUE SERVICE | $ 48.82 | $ 0.00 | $ 0.00 |

| | |
|---|---|
| Total to be paid to subordinated unsecured creditors | $ 0.00 |
| Remaining Balance | $ 0.00 |